Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| DAVID VERGE, | ) Case No.: |
|  | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | ) |
|  | ) **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | ) |
|  | ) |
| Defendant. | ) |

**COMPLAINT**

DAVID VERGE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to

1  eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

8. Plaintiff is a natural person who resides in the New York City, New York and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff demanding payment for an alleged debt.

14. Defendant is seeking and demanding payment on a debt not owed (see letter from doctors office attached hereto as Exhibit "A").

15. Defendant represented that it was a law firm and/or the agent was a lawyer or acting on a lawyer's behalf while seeking and demanding payment for an alleged debt.

16. Defendant failed to notify the Plaintiff that it was a debt collector. They further failed to notify the Plaintiff that anything said during the conversation would be used in the collection of the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

consequence of which is to harass, oppress, or abuse the Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

    e. Defendant violated *§1692e(3)* of the FDCPA by representing that an individual is an attorney or that any communication is from an attorney.

    f. Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

    g. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect an alleged debt.

    h. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, DAVID VERGE, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID VERGE, demands a jury trial in this cause of action.

                                      RESPECTFULLY SUBMITTED,

DATED:  January 12, 2009         KROHN & MOSS, LTD.

                              By:   <u>/s/ Ryan Lee</u>
                                        Ryan Lee

                                        Attorney for Plaintiff

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK

Plaintiff, DAVID VERGE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAVID VERGE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _5 Jan 09_          _____
                                   DAVID VERGE

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

COMPLAINT

**NOREEN H. LINN, M.D.**
ALLERGY AND RHEUMATOLOGY
222 WESTCHESTER AVENUE
HARRISON COURT, SUITE 205
WHITE PLAINS, NEW YORK 10604

TELEPHONE: (914) 949-9882

December 2, 2008

RE: David Verge

To Whom It May Concern:

Mr. David Verge medication (Hylagan) was provided by his insurance company. Mr. Verge does not owe us for this medication and his insurance company paid us for the administration of the Hylagan. The office visit and the above were paid in full.

If you have any questions, please call the number above.

Sincerely yours,

Noreen H. Linn, MD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES ~~NO~~
2. Fear of answering the telephone — YES ~~NO~~
3. Nervousness — YES ~~NO~~
4. Fear of answering the door — YES ~~NO~~
5. Embarrassment when speaking with family or friends — YES ~~NO~~
6. Depressions (sad, anxious, or "empty" moods) — YES ~~NO~~
7. Chest pains — YES ~~NO~~
8. Feelings of hopelessness, pessimism — YES ~~NO~~
9. Feelings of guilt, worthlessness, helplessness — YES ~~NO~~
10. Appetite and/or weight loss or overeating and weight gain — YES ~~NO~~
11. Thoughts of death, suicide or suicide attempts — YES ~~NO~~
12. Restlessness or irritability — YES ~~NO~~
13. Headache, nausea, chronic pain or fatigue — YES ~~NO~~
14. Negative impact on my job — YES ~~NO~~
15. Negative impact on my relationships — YES ~~NO~~

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: I am already suffering from heart failure and this just adds to an already stressful situation.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 5 Jan 09

Signed Name: [signature]

Printed Name: David Verge